IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PHILIP KETTER,** : | |
|     Petitioner : | |
| : | No. 1:23-cv-00051 |
|     v. : | |
| : | (Judge Kane) |
| **WARDEN BRAAZA,** : | |
|     Respondent : | |

## MEMORANDUM

Before the Court is a habeas corpus petition filed under 28 U.S.C. § 2241 through which pro se Petitioner Philip Ketter ("Ketter") seeks earned time credit towards his sentence pursuant to the First Step Act ("FSA"). For the reasons discussed below, the Court will dismiss the petition without prejudice as moot.

**I.   BACKGROUND**

Ketter is currently incarcerated by the United States Bureau of Prisons ("BOP") in Allenwood Federal Correctional Institution ("FCI-Allenwood"). He is serving a 46-month sentence imposed by the United States District Court for the Western District of North Carolina for bank fraud. (Doc. No. 12-1 at 1.)

Ketter filed the instant petition on December 27, 2022, and the Court received and docketed the petition on January 11, 2023. (Doc. No. 1 at 8.) Ketter asserts the BOP has failed to credit him with earned time credit pursuant to the FSA and seeks a writ of habeas corpus compelling the BOP to provide such credit. (Id.)

Respondent, the Warden of FCI-Allenwood ("Respondent"), responded to the petition on March 23, 2023. (Doc. No. 12.) Respondent argues that the petition should be dismissed as moot because Ketter has been granted FSA time credits. (Id. at 5–6.) Respondent additionally argues that Ketter failed to exhaust administrative remedies and that his claims for habeas corpus

relief fail on their merits.  (Id. at 6–10.)  Ketter has not filed a reply brief and the deadline for doing so has expired under the Local Rules.  The petition is accordingly ripe for resolution.

## II.   DISCUSSION

The Court will address Respondent's mootness argument as a threshold matter.  See Hamilton v. Bromley, 862 F.3d 329, 334 (3d Cir. 2017) (noting that district courts do not have subject matter jurisdiction over moot cases and that mootness therefore must be addressed as a threshold matter).  Respondent's mootness argument is based on the assertion that the BOP has already granted Ketter time credits pursuant to the FSA.  (Doc. No. 12 at 5–6.)  Ketter has not responded to this factual assertion, and we accordingly accept it as true.  See 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

Cases must be dismissed as moot when it is clear that the Court cannot grant any effective relief.  See Uzuegbunam v. Preczewski, 592 U.S. __, 141 S. Ct. 792, 796 (2021).  Ketter's petition seeks a writ of habeas corpus compelling the BOP to provide him with time credits, but he has already been granted that relief.  Hence, this case will be dismissed as moot because the Court cannot provide Ketter any effective relief.  See id.

## III.   CONCLUSION

For the foregoing reasons, the Court will dismiss Ketter's petition for writ of habeas corpus without prejudice as moot.  An appropriate Order follows.

s/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania